UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROCRAFT EXTERIORS, INC,
a/a/o John Noer,

      Plaintiff,

v.                                    Case No.:  2:19-cv-883-FtM-38MRM

METROPOLITAN CASUALTY
INSURANCE COMPANY,

      Defendant.

_____/

**ORDER**[1]

      Pending before the Court is Defendant, Metropolitan Casualty Insurance Company's, Motion to Strike Plaintiff's Claims for Attorney's Fees filed on December 16, 2019.  (Doc. 9 at 1).  Defendant seeks to strike Paragraph 24 and the portion of the wherefore clause of Plaintiff's Complaint (Doc. 3) regarding "attorney's fees and costs, and Plaintiff's claims for attorney's fees pursuant to Fla. Stat. Section 627.428[.]"  (Doc. 9 at 1).  On February 26, 2020, Plaintiff Procraft Exteriors, Inc, a/a/o/ John Noer filed a Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Claims for Attorney Fees.  (Doc. 26).  This matter is ripe for review. For the reasons explained below, the Court **DENIES** the requested relief.

**I.      BACKGROUND**

      This action arises under an insurance claim to property damage as a result of Hurricane Irma.  (Doc. 3 at 2).  Plaintiff filed the lawsuit as an assignee pursuant to an assignment of benefits contract.  (*Id*. at 2; Doc. 1-3 at 24).  Plaintiff alleges that Defendant is required to make

_____

[1]  The presiding United States District Judge referred this matter to the Undersigned for determination.

payment to Plaintiff for services rendered, and by failing to make a complete payment, Defendant breached the policy. (Doc. 3 at 2-3). Plaintiff includes a prayer for relief in the form of attorney's fees pursuant to Fla. Stat. § 627.426 or Fla. Stat. § 626.9373. (*Id*. at 3-4).[2]

## II.   LEGAL STANDARD

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E.*, LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (second alteration in original) (citing *Augustus v. Board of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 865 (5th Cir. 1962)). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id*. (quoting *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

## III.   DISCUSSION

Defendant requests that this Court strike paragraph 24 and the portion of the wherefore clause of Plaintiff's Complaint regarding attorney's fees and costs. (Doc. 9 at 1). Defendant contends that Plaintiff's request for attorney's fees is improper because the recent enactment of Fla. Stat. § 627.7152(10),[3] repeals an assignee's standing to recover attorney's fees pursuant to

---

[2] Fla. Stat. § 626.9373 is modeled after Fla. Stat. § 627.428 and courts apply the two attorney's fee provisions the same way. *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-cv-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) ("[T]hose sections are virtually identical, however, whether the fees are predicated upon Section 627.428 or Section 626.9373 is a distinction without a difference." (citations omitted)). Because the two statutes are virtually identical, and the parties focus their arguments on whether Fla. Stat. § 627.428 or the recently enacted Fla. Stat. § 627.7152(10) applies to Plaintiff's claim for attorney's fees, the Court focuses here on Fla. Stat. § 627.428.

[3] Section 627.7152(10) provides, "Notwithstanding any other provision of law, in a suit related to an assignment agreement for post-loss claims arising under a residential or commercial

2

Fla. Stat. § 627.428, which formerly was the only means a party in an assignment of benefits litigation recovered attorney's fees.  (Doc. 9 at 2).  Plaintiff argues in response that Fla. Stat. § 627.428 governs attorney's fee in this case because Fla. Stat. § 627.7152 did not apply retroactively.  (Doc. 26 at 3-4).

### 1.      Effective Date of Fla. Stat. § 627. 7152(10).

The parties fundamentally disagree as to the operative date for determining whether the new statute or former law applies to Plaintiff's demand for attorney's fees.  (Doc. 9 at 1; Doc. 26 at 3).  Defendant cites Florida House Bill 337, which served to accelerate the effective date of Fla Stat. § 627.7152(10), making it effective "upon becoming law."  (Doc. 26 at 4).  House Bill 337 was signed into law May 24, 2019; therefore, Defendant maintains Fla. Stat. § 627.7152(10) became effective on May 24, 2019.  (*See id*. at 3-4).  Defendant contends because Plaintiff filed this action on November 20, 2019, after Fla. Stat. § 627.7152(10) was in effect, Plaintiff's request for attorney's fees under Fla. Stat. § 627.428 should be stricken.  (*Id*. at 4).

On the other hand, Plaintiff appears to argue that the effective date of Fla. Stat. § 627.7152(10) is July 1, 2019, because that is the date specifically set forth in § 627.7152(13) as the effective date of § 627.7152.  (Doc. 26 at 3).  Plaintiff further contends that the "Florida Supreme Court has determined the right to collect attorney's fees pursuant to a statue is a substantive right" and therefore, "Fla. Stat. § 627.7152 cannot apply retroactively for that reason."  (*Id*.).

The Undersigned notes that the enactment of Fla. Stat. § 627.7152 served to reform the use of assignments in Florida's property insurance market.  Subsection 13 of the statute

---

property insurance policy, attorney fees and costs may be recovered by an assignee only under s. 57.105."  Fla. Stat. § 627.7152(10).

expressly provides, "this section applies to an assignment agreement executed on or after July 1, 2019." Fla. Stat. § 627.7152(13). However, on May 24, 2019, Governor DeSantis signed Florida House Bill 337 into law, which expressly accelerated the effective date of the attorney's fees provisions at issue here. (*See* Doc. 9-6 at 2). House Bill 337 provides: "Notwithstanding subsection 13 of section 627.7152, as created by HB 7065, 2019 Regular Session, subsection (10) of that section is effective upon becoming a law." Ch. 2019-58 § 23, at 28, Laws of Fla. Therefore, Fla. Stat. § 627.7152(10) became law when it was signed by Florida's Governor on May 24, 2019. Additionally, this Court has acknowledged that the effective date of Fla. Stat. § 627.7152(10) is May 24, 2019. *Castilla Roofing, Inc., v. Hartford Ins. Co. of the Midwest*, No. 2:19-cv-613-FtM-38-MRM, 2020 WL 821051, at *2 (M.D. Fla. Jan. 30, 2020) (report and recommendation adopted). For the reasons set forth below, however, this conclusion does not necessitate striking Plaintiff's demand for attorney's fees.

### 2.    Applicable Statute

The Supreme Court of Florida has clearly stated that a statutory change cannot be applied retroactively if it impacts a substantive right. *See Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 878-79 (Fla. 2010) (explaining that the relevant date is the date the policy was issued, not the date the suit or damage occurred, "because the statue in effect at the time the insurance contract is executed governs substantive issues arising in connection with that contract" (internal quotation omitted)).

Even if the Florida Legislature intended for retroactive application, a court must reject such an application if the statute impairs a vested right, creates a new obligation, imposes a new penalty, or attaches new legal consequences to events completed before the statutory enactment. *Menendez*, 35 So. 3d at 877. "[R]etroactive abolition of substantive vested rights is prohibited

by constitutional due process considerations." *Metro. Dade Cty. v. Chase Fed. Hous. Corp.*, 737 So. 2d, 494, 503 (Fla. 1999). Florida courts have consistently held that statutes limiting the right to recover attorney fees impair a substantive right and do not apply retroactively. *See Menendez*, 35 So. 3d at 878-79 (collecting Florida caselaw and holding that a statutory amendment did not apply retroactively because it allowed "an insurer to avoid an award of attorneys' fees, which constitutes a substantive change to the statute in effect at the time the insureds' insurance policy was issued").

Unlike in *Menendez* where the contract at issue was between the insured and the insurer, this case involves the assignee of the insured, Plaintiff, instituting an action based on an insurance policy between the insured, John Noer, and the insurer, Defendant. (Doc. 3 at 2); *see Menendez*, 35 So. 3d at 874. This distinction does not, however, impact Plaintiff's right to attorney's fees in this case. Plaintiff stepped into the shoes of Mr. Noer when the assignment of benefits of contract was issued, and was thereby entitled to the same rights as Mr. Noer under said contract.[4] Therefore, the Court will address Plaintiff's arguments under framework established by the Supreme Court of Florida in *Menendez*.

According to *Menendez*, the Court must first determine whether the Legislature intended for a retroactive application of Fla. Stat. § 627.7152(10). As discussed above, Fla. Stat. § 627.7152(13) expressly states that the statute applies only to Assignments of Benefits executed on or after July 1, 2019. House Bill 337 clearly intended to accelerate this change. However, it does not appear the intent was for Fla. Stat. § 627.7152(10) to be applied retroactively. *See JPJ Cos, LLC v. Hartford Ins. Co. of the Midwest*, No. 9:19-cv-81696, 2020 WL 264673, at *2 (S.D.

---

[4] On June 5, 2019, Mr. Noer assigned to Plaintiff "any and all claims, demands, and or causes of action of any kind whatsoever which the undersigned has or may have." (Doc. 1-3 at 24).

Fla. Jan. 17, 2020) (stating "the Court does not read Fla. Stat. § 627.7152 as reflecting an intent by the Florida Legislature for the change to § 627.7152(10) to apply retroactively").

Importantly, this Court agrees with the reasoning set forth in *CMR Construction & Roofing, LLC v. Hartford Insurance Company of the Midwest*, when the court there held on a similar issue raised by a motion to strike:

> Here, the Court does not read Fla. Stat. § 627.7152 as reflecting an intent by the Florida Legislature for the change to § 627.7152(10) to apply retroactively . . . . *See generally* Fla. Stat. § 627.7152. Even if the Legislature expressed such an intent, the statutory change—which limits the right to recover attorney fees, impairing a substantive right—nevertheless does not apply retroactively to the insurance policy at issue in this action, which was issued before the effective date of the change. *See Menendez*, 35 So. 3d at 875-80.

No. 9:19-CV-81610, 2020 WL 264671, at *1 (S.D. Fla. Jan. 17, 2020), *reconsideration denied*, No. 9:19-CV-81610, 2020 WL 1043799 (S.D. Fla. Mar. 4, 2020)

Therefore, even if the Legislature intended a retroactive application, as explained above, Florida law is clear that the statutory right to attorney's fees is a substantive right and that the "statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Menendez*, 35 So. 3d at 876, 878.

Thus, because Fla. Stat. § 627.428 was the effective statute when the insurance policy was issued in this case, Fla. Stat. § 627.428 controls any substantive issues arising out of the contract. (*See* Docs. 1-1, 3-1, 9-1); *see also Menendez*, 35 So. 3d at 875-80; *JPJ*, 2020 WL 264673, at*2.

Because Defendant has not otherwise shown that Plaintiff's demand for attorney's fees is redundant, immaterial, impertinent, or scandalous, the Court does not find it appropriate to strike Plaintiff's request for attorney's fees in this case. *See* Fed. R. Civ. P. 12(f).

## IV.    CONCLUSION

Accordingly, the Court **DENIES** Defendant, Metropolitan Casualty Insurance

Company's, Motion to Strike Plaintiff's Claims for Attorney's Fees (Doc. 9).

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida on May 13, 2020.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties